In the Matter of ANDREWS BRUCE CAMPBELL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 23, 1988

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Andrews Bruce Campbell,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Andrews Bruce Campbell was admitted to prac-

tice as an attorney and counselor-at-law in the State of New York by the Appellate Division of the Supreme Court, First Judicial Department, on March 31, 1969.

On August 21, 1987, following a jury trial in the United States District Court for the District of Maine, respondent was found guilty of two Federal felonies, one count of conspiracy to possess marihuana with intent to distribute, in violation of 21 USC § 841 (a) (1); (b) (1); § 846 and 18 USC § 2, and one count of possession of marihuana with intent to distribute, in violation of 21 USC § 841 (a) (1); (b) (1) (D) and 18 USC § 2. He was sentenced on November 5, 1987 to one year imprisonment and a $5,000 fine on count one and to one year imprisonment and a special parole term of three years on count two, to run concurrently. In addition a $50 felony assessment was imposed on each count, for a total of $100.

Petitioner Departmental Disciplinary Committee now moves for an order finding that the offenses of which respondent was convicted are serious crimes within the meaning of Judiciary Law § 90 (4) (d), suspending him from the practice of law pursuant to Judiciary Law § 90 (4) (f) and directing him to show cause within 30 days pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or removal from office should not occur. Petitioner also asserts that contrary to the specific direction of Judiciary Law § 90 (4) (c) and 22 NYCRR 603.12 (f), respondent failed to file with this court or the Disciplinary Committee a record of his Federal conviction within 30 days thereof. Although respondent does not deny that the charges against him are serious as defined in the Judiciary Law, he claims that there is a substantial chance that his conviction will be reversed on appeal. He further states that while he does not object to his suspension from the New York State Bar, he requests that any final disciplinary action against him be postponed pending the resolution of his appeal.

It is undisputed that respondent has been convicted of a serious crime, defined by Judiciary Law § 90 (4) (d) as "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state". Since he has not demonstrated any compelling reasons to justify the delay sought, the motion by the Departmental Disciplinary Committee for an order suspending him from the practice of law, effective immediately and until further order of this court, and directing him to show cause within 30 days from

the date of this order why a final order of censure, suspension or removal from office should not be entered against him is hereby granted.

KUPFERMAN, J. P., SULLIVAN, MILONAS, ROSENBERGER and SMITH, JJ., concur.

Respondent is directed to show cause why a final order of suspension, censure or removal from office should not be entered and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this court.